IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| AMBER TAPPIN,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 1:23-cv-285 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Amber Tappin, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, of obtaining relief from Defendant's failure to follow reasonable claims procedures by refusing to make a timely decision on Plaintiff's claim for LTD benefits, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. This matter is now properly before the Court because Plaintiff's long term

disability claim ("LTD Claim") is deemed denied without the exercise of discretion due to Defendant's failure to strictly adhere to the Department of Labor's ERISA Claims Procedure Regulations. See 29 C.F.R § 2560.503-1(1).

3. Venue is proper within the Eastern District of Tennessee Chattanooga Division pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Amber Tappin, (hereinafter "Plaintiff"), is a resident of Hamilton County, Tennessee.

5. Defendant Reliance Standard Life Insurance Company (hereinafter "Reliance Standard") is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

6. Defendant Reliance Standard is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. LTD-SMALL 001798, issued by Reliance Standard to Community Foundation of Greater Chattanooga, Inc.

## FACTS

7. Plaintiff was employed by Community Foundation of Greater Chattanooga, Inc. as the Vice President of Marketing.

8. By virtue of her employment, Plaintiff was enrolled in Community Foundation of Greater Chattanooga, Inc.'s Long Term Disability Plan, which is an ERISA employee welfare benefit plan (the "LTD Plan").

2

Case 1:23-cv-00285-TAV-CHS   Document 1   Filed 12/05/23   Page 2 of 7   PageID #: 2

9. Benefits under the LTD Plan are insured by Reliance Standard under Group Long Term Disability Policy No. LTD-SMALL 001798, issued by Reliance Standard to Community Foundation of Greater Chattanooga, Inc.

10. Plaintiff is a participant or beneficiary of the LTD Plan.

11. Plaintiff ceased work in August 2003, while covered under the LTD Plan, due to physical and cognitive impairments caused by Chronic Fatigue Syndrome, Fibromyalgia, and other physical conditions.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the LTD Plan and relevant policies.

13. Plaintiff timely filed an application for LTD benefits under the Plan and provided proof of her disability, including medical records and doctors' statements. This evidence shows that Plaintiff's conditions cause her severe fatigue, brain fog, headaches, and chronic generalized pain. As her doctors have explained, Plaintiff's pain and fatigue interfere with her concentration and focus and prevent her from working.

14. Defendant Reliance approved Plaintiff's claim by letter dated June 30, 2005, and began paying monthly benefits effective December 20, 2004, based on the determination that Plaintiff's conditions prevented her from performing the material duties of her job.

15. Plaintiff also applied and was approved for Social Security Disability Income Benefits in 2003

16. After paying benefits for two years, Defendant evaluated Plaintiff's claim and determined by letter dated December 12, 2006, that Plaintiff's conditions prevented her from performing the material duties of any occupation.

17. Defendant thereafter continued to pay benefits on that basis until on or around April 19, 2023, when Defendant denied Plaintiff's claim and discontinued benefits.

18. Despite previously finding Plaintiff disabled from her own occupation for over twenty years and any sedentary occupation for over seventeen years, Defendant denied Plaintiff based on the opinions of its own file-reviewing physicians that she is now capable of performing her occupation.

19. Plaintiff timely appealed Defendant's denial by letter dated October 13, 2023, and submitted additional information supporting her disability, including medical records, her doctor's statements, as well as the results of a functional capacity evaluation showing that Plaintiff's conditions prevent her from performing the material duties of her occupation or any other.

20. Plaintiff's appeal also included a vocational report identifying the material duties of her occupation and explaining how her impairments, as documented in her medical records and the functional capacity evaluation, preclude her from performing that occupation or any other occupation.

21. As an ERISA fiduciary, Defendant had until November 27, 2023—forty-five days from October 13, 2023—to render an appeal decision or provide Plaintiff with a written notice of special circumstances necessitating an extension of time to finish its review. *See* 29 C.F.R. § 2560.503-1(f)(1)(i) & (3).

22. As of the date of this filing, Defendant has not rendered an appeal decision or provided Plaintiff with any written notice.

23. 29 C.F.R. § 2560.503-1(1) states that an ERISA administrator's failure to strictly adhere to all requirements of the regulation with respect to a claim will result in the claimant being deemed denied without the exercise of discretion. *See* 29 C.F.R. § 2560.503-1(1)-(2).

24. Accordingly, under 29 C.F.R. § 2560.503-1(1)-(2), Plaintiff pursues her available remedies under § 502(a) of ERISA on the basis that Defendant failed to provide a reasonable claims procedure that would yield a timely decision on the merits of this claim.

25. Plaintiff's administrative remedies under the Plan were deemed exhausted as a result of Defendant's violations of 29 C.F.S. § 2560.503-1 outline above.

26. Because of Defendant's failure to strictly adhere to all the requirements of 29 C.fr. § 2560.503-1, Plaintiff's LTD claim is deemed denied on review without the exercise of discretion and should be reviewed under the de novo standard of review.

27. Defendant would pay any benefits due out of their own funds.

28. Defendant owes Plaintiff duties as a fiduciary of an ERISA Plan, including the duty of loyalty.

29. Defendant was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

30. Defendant allowed its concern over its funds to influence the decision-making about this claim.

31. Defendant breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

32. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the LTD Plan.

33. Plaintiff is disabled and entitled to benefits under the terms of the LTD Plan.

34. Defendant failed to provide benefits due under the terms of the LTD Plan and failed to make a timely decision, and these actions constitute breaches of the LTD Plan.

35. The decision to deny benefits and the failure to make a timely decision were wrong under the terms of the LTD Plan.

36. The decision to deny benefits and the failure to make a timely decision were also arbitrary and capricious.

37. The decision to deny benefits and the failure to make a timely decision were influenced by the Defendant's financial conflict of interest.

38. The decision to deny benefits was not supported by substantial evidence in the record.

39. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the LTD Plan.

40. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the LTD Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD Plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 5th day of December, 2023.

                                          Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: */s/ Noah Breazeale*
Noah A. Breazeale (Tenn. Bar #037152)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
nbreazeale@buchanandisability.com